UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____x
TAWANA BLEDSOE and SCOTT HIGGINS,

              Plaintiffs,

vs.

FORSTER, GARBUS & GARBUS and GLENN
S. GARBUS, ESQ.,

              Defendants.
_____x

Civil Action No. _____

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

## COMPLAINT

### *INTRODUCTION*

1. This is an action for damages brought by individual consumers for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### *JURISDICTION AND VENUE*

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and § 2202. Venue in this District is proper in that Defendants transact business here and the conduct complained of occurred here.

### *PARTIES*

3. Plaintiffs, Tawana Bledsoe and Scott Higgins, are natural persons residing in Tenafly, New Jersey.

1

4. Defendant, Forster, Garbus & Garbus (hereinafter referred to as "FGG"), is a law firm engaged in the business of collecting consumer debts in this state with its principal place of business located at 7 Banta Place, Hackensack, New Jersey. The principal purpose of FGG is the collection of consumer debts in this state and FGG regularly attempts to collect debts alleged to be due another.

5. Defendant, Glenn S. Garbus (hereinafter referred to as "GSG"), is a natural person associated with FGG. GSG is a collection attorney engaged in the business of collecting consumer debts in this state with his principal place of business located at 7 Banta Place, Hackensack, New Jersey. The principal purpose of GSG is the collection of consumer debts in this state and GSG regularly attempts to collect debts alleged to be due another.

6. Defendants FGG and GSG are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. On or about November 30, 2010, Plaintiff, Tawana Bledsoe, was sued by a client of FGG over an alleged consumer account. Ms. Bledsoe had no knowledge of the debt on which she was being sued.

8. On or about December 16, 2010, Plaintiff Bledsoe requested validation of the debt pursuant to 15 U.S.C. § 1692e. Instead of validating the debt, the Defendants, on or about January 4, 2011, sent a letter to Plaintiff Bledsoe demanding payment.

9. On or about January 4, 2011, Defendants sent correspondence to Plaintiff Bledsoe enclosing two (2) stipulations. Said correspondences were titled "stipulation of settlement in lieu of judgment."

10. Because of the language "in lieu of judgment," Plaintiff Bledsoe believed that if she did not go forward and agree to the terms of the stipulation, judgment would immediately be entered against her. In effect, Ms. Bledsoe felt she had no choice but to agree to the terms of said stipulation.

11. By sending the aforementioned stipulations, Defendants were using deceptive means to collect a consumer debt. The stipulations, which perplexed, confused and scared the Plaintiffs, were in violation of the FDCPA under the least sophisticated consumer standard.

12. As a result, Plaintiffs suffered emotional distress, anxiety and loss of sleep due to the fear that a judgment would be entered against Ms. Bledsoe if she did not sign the stipulations.

13. Because the Plaintiffs maintain joint finances, Mr. Higgins also suffered emotional distress, nausea, anxiety and loss of sleep due to the same aforementioned fears.

14. During this time, the Plaintiffs were planning their wedding. They got married and went on their honeymoon. Due to the receipt of said stipulations, instead of experiencing what should have been a joyful time, the Plaintiffs incessantly worried, experiencing severe emotional distress, nausea and anxiety.

15. By forwarding such misleading and confusing documents to Plaintiff Bledsoe, Defendants used a cumulative approach to try to make it look as if disputing the debt collection action would be rendered useless.

16. By sending the January 4, 2011 cover letter and stipulations, Defendants violated 15 U.S.C. § 1692e by engaging in collection activity before validating the purported debt.

17. As a result of the aforementioned acts outlined above, Plaintiffs suffered a great deal of emotional distress, nausea, stress, anxiety and loss of sleep.

### *FIRST CLAIM FOR RELIEF*

18. Plaintiffs repeat, re-allege, and incorporate by reference paragraphs one (1) through seventeen (17) above.

19. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

20. Defendants violated 15 U.S.C. § 1692 by using false representations and deceptive means to collect a debt.

21. Defendants violated 15 U.S.C § 1692e by deterring Plaintiff Bledsoe from seeking a defense to Defendants' collection actions.

22. Upon information and belief, Defendants violated 15 U.S.C. § 1692e wherein Defendants sent a mass produced letter containing Defendant FGG general counsel's name, GSG, in the letterhead and a computerized printing of his signature at its conclusion, when the attorney reviewed neither Plaintiff Bledsoe's file nor any particular dunning letter.

23. Defendants violated 15 U.S.C. § 1692e(13) by using the false representation or implication that documents were legal process when they were not.

24. Defendants violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the legal status of an alleged debt.

WHEREFORE, Plaintiffs, TAWANA BLEDSOE and SCOTT HIGGINS, respectfully request that judgment be entered against Defendants, Forster, Garbus & Garbus and Glenn S. Garbus, for the following:

A. Declaratory judgment that Defendants' conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Cost and reasonable attorney fees pursuant to 15 U.S.C. § 1692k;

E. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiffs, TAWANA BLEDSOE and SCOTT HIGGINS, demand trial by jury in this action.

Dated:  May 17, 2011

Respectfully submitted,

/s/ Ana B. Alba
Ana B. Alba, Esq. (AA4483)
ALBA LAW FIRM, P.C.
110 Wall Street, 11th Floor
New York, NY 10005-3817
Phone: (212) 859-5080
AAlba@albalaw.net

Attorney for Plaintiffs

Jason A. Shear, Esq.
SHEAR LAW FIRM, P.C.
4160 Harlem Road
Buffalo, NY 14226-4421
Phone: (716) 566-8988
jshear@shearlawfirm.com

Attorney for Plaintiffs